FILED
CLERK, U.S. DISTRICT COURT

September 16, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____TS_____ DEPUTY

I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO: _____ DATE: ____ DEPUTY CLERK:
Plaintiff on 9/16/15 by klh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RYAN MASTERS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHARLES E. SAMUELS, JR. et al.,<br><br>　　　　　　Defendants. | No. ED CV 15-01527-RGK (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On July 29, 2015, Plaintiff, a federal prisoner currently housed at the Federal Correctional Institution in Victorville, California, filed this pro se civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). See Dkt. 1 ("Complaint"). The Complaint names the following persons as Defendants, all in their individual and official capacity: (1) Charles E. Samuels, Jr.; (2) Calvin Johnson; (3) Rosie Byrd; (4) Bradley Cintora; and (5) Theron Webber. Complaint at 2-3.[1]

///

_____

[1] All page references to the Complaint are to the CM/ECF pagination.

Plaintiff alleges that his First Amendment rights are being violated because he is not permitted to use the prison's telephone and electronic messaging system known as TRULINCS during the entire length of his incarceration. Complaint at 3. Plaintiff was excluded from TRULINCS in December 2013 by then-Warden Milusnic based on a determination that Plaintiff's use of TRULINCS would threaten the safety, security, and orderly running of the facility. Id. at 4. After Plaintiff's appeals of this determination were denied, BOP adopted a new program statement governing access to TRULINCS. Id. at 5. Plaintiff sought access to TRULINCS under the new program statement. Id. Defendant Webber denied Plaintiff's request, citing provisions from the rescinded program statement. Id. Plaintiff filed an appeal which Defendant Johnson denied for being too long. Id. at 5-6. Plaintiff filed additional appeals which we also denied. Id. at 6. Plaintiff also alleges that his First Amendment rights are being violated by a "de facto" ban on telephone communication. Id. at 7. Defendants Cintora and Byrd have imposed sanctions after disciplinary hearings that have resulted in the loss of telephone privileges for the length of Plaintiff's sentence. Id. at 7-10.

After screening the Complaint before ordering service in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that it fails to state claims upon which relief may be granted.

Because it appears to the Court that at least some of the Complaint's deficiencies are capable of being cured by amendment, it is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured by amendment).

**A.    Standard of Review**

The following standards govern the Court's screening of the complaint. A complaint may be dismissed as a matter of law for failure to state a claim for

two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. <u>See</u> <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. <u>See</u> <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).  Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

**B.   Plaintiff Fails to Allege Any Facts to Establish Samuels's Liability**

Plaintiff names Samuels, the Director of the Bureau of Prisons ("BOP"), based on the allegation that he is "legally responsible for the overall operation of the [BOP] and all institutions within its jurisdiction." Complaint at 2. However, supervisory personnel such as Samuels generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

In Iqbal, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." 556 U.S. at 676. However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'
>
> 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly

4

> refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiff names Samuels as a defendant solely on the basis that he was in charge of the BOP at the time of Plaintiff's alleged injuries, but fails to set forth any specific allegations that Samuels personally participated in the underlying alleged violations of Plaintiff's constitutional rights. Nor does Plaintiff set forth any factual allegations that Samuels either personally promulgated any policy that had a direct causal connection with the constitutional injuries of which Plaintiff complains or knowingly acquiesced to the other Defendants' alleged conduct. Accordingly, Plaintiff's claims against Samuels are subject to dismissal.

**C.** **Plaintiff's Claim for Damages Against Defendants in Their Official Capacities Fails to State a Claim for Relief**

Plaintiff names each Defendant in his or her official capacity. See Complaint at 3. Because Plaintiff seeks to sue federal prison officials in their official capacity, the action must be construed as one against the federal government. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Gilbert v.

1    DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against IRS employees in

2    their official capacities "essentially a suit against the United States"). "Absent

3    a waiver, sovereign immunity shields the Federal Government and its agencies

4    from suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). The

5    United States has not waived sovereign immunity with respect to

6    constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951

7    (9th Cir. 1991); Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d

8    1202, 1207 (9th Cir. 1988). Accordingly, the doctrine of sovereign immunity

9    bars Plaintiff's constitutional claims for damages against any federal prison

10   official in his or her official capacity. See  Hodge v. Dalton, 107 F.3d 705, 707

11   (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal

12   agencies and to federal employees acting within their official capacities.").

13   Plaintiff's official-capacity claims are therefore subject to dismissal.

14   **D.**   **Plaintiff's Class Action Allegations**

15         Plaintiff seeks certification of his action as a class action and requests

16   that the Court appoint counsel to represent the class. Generally, a layperson

17   cannot represent the interests of a class. See McShane v. United States, 366

18   F.2d 286, 288 (9th Cir. 1966). As a result, courts often hold that a putative

19   class representative who is incarcerated and proceeding pro se cannot fairly

20   and adequately protect the interests of the class as required by Fed. R. Civ. P.

21   23(a)(4). See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975);

22   Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976).

23         Although there is no right to counsel in a § 1983 action, the Court has

24   discretion to appoint counsel under 28 U.S.C. § 1915(e) under exceptional

25   circumstances. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

26   Determining whether exceptional circumstances exist requires evaluating "the

27   likelihood of success on the merits and plaintiff's ability to articulate his claims

28   pro se in light of the complexity of the legal issues involved." Id.

Here, at this early stage of the proceedings, the Court cannot say whether Plaintiff is likely to success on the merits. It does appear to the Court that Plaintiff is able to adequately articulate his claims pro se. The Court therefore denies Plaintiff's motion for appointment of counsel without prejudice to its renewal at a later stage of these proceedings. In so ruling, the Court rejects any contention that Plaintiff's desire to pursue class-wide relief presents an "exceptional circumstance" that warrants appointment of counsel. As at least one other district court has observed, finding these circumstances exceptional would automatically entitle every pro se prisoner seeking class-wide relief to the appointment of counsel. See Goolsby v. Cate, No. 13-00119, 2013 WL 2403385, at *2 (E.D. Cal. May 31, 2013).

Accordingly, Plaintiff cannot maintain a class action and Plaintiff's class-action allegations are subject to dismissal.

**E.** <u>**Conclusion**</u>

Because of the pleading deficiencies identified above, the Complaint is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend.  If Plaintiff still desires to pursue claims against Defendants in their individual capacities, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is strongly encouraged to utilize.

///

///

1    **Plaintiff is admonished that, if he fails to timely file a First Amended**
2    **Complaint, the Court will recommend that this action be dismissed with**
3    **prejudice for failure to diligently prosecute.**

4

5    Dated: September 16, 2015

6

7    _____
8    DOUGLAS F. McCORMICK
9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8